Mr. Justice GRIER.
 

 The petitioner is assignee of John A. Sutter “ of a part of the place called New Helvetia.” Under this name Sutter claimed title to two several grants from the Mexican Government; one for eleven leagues, granted to him by
 
 *612
 
 Juan B. Alvarado on 18th of June, 1841, the other for twenty-two leagues, called his “ Sobrante grant,” purporting to be issued by Micheltorena at Santa Barbara on the 5th of February, 1845. Many persons had purchased portions of this great tract. A separate application from each' of those vendees to the Commissioners for a several confirmation of the portion assigned to him, wouid have caused great expense, trouble and delay.' Accordingly, Sutter, very properly, filed his petition for the confirmation of these two grants, for the benefit of himself and his several assignees. His title has been fully considered and decided by this Court. (See 21 Howard, 178.) The first grant of eleven leagues was adjudged valid, the other was rejected. The patent to Sutter for the eleven leagues will, of course, enure .-to the benefit of all his vendees. Those who claim under the Sobrante title will take nothing. Whether the portions sold will be found within either or neither of these grants to Sutter, must depend upon surveys made, or to be made, since the confirmation of his grant by this Court. It is true, the assignee of a Mexican title maj^ present hjs case before the Commissioners; and where he is assignee of the whole claim’ there may be no impropriety in i fc. But, if the land claimed has been divided out among a thousand vendees, as in this case, the proper party to the proceeding k the original grantee, who can produce the documents of title and who best knows how to establish it. As in the case of Neleigh, (1 Black., 298), who claimed a part of the grant to Castro, which had been rejected by this Court, we may say, that though the assignee is not absolutely estopped by a decree of the Court to which he was not a party, yet, as he has furnished no new evidence to show that decree erroneous, he cannot expect • the Court to change it. If any part of the land for which he has petitioned is within the eleven leagues, the patent which has or will be given to Sutter will confirm his title, and further proceedings in this suit would be wholly superfluous. The Government cannot be required to give two patents for the same land, one to the vendor and another to the vendee. Where there are divers vendees under one original title, and the Mexican grantee has filed his petition before the Commissioners for a
 
 *613
 
 confirmation of his title, and there are others, his assignees who have petitioned also, the Commissioners should have consolidated all the eases. The law does not require them to locate the boundaries of the several grantees or settle any disputes betweeu them, or to give a thousand different patents to every several claimant of a town lot. It is their duty to establish the boundary ns well as validity of the Mexican grant as between him and the . Government, and not to arbitrate the disputes of the several assignees.
 

 The Court below confirmed the whole claim of the petitioner, because it was within the thirty-three leagues which they had already confirmed to Sutter. But, as that judgment was reversed as to twenty-two leagues, the judgment in this case must have the same course. If any portion of his claim be found within the eleven leagues, he needs no further title; if it does not, he can have none.
 

 The judgment and decree of the. Court below is reversed.